Per Curiam.
The disposition of the fund of $2,303.12, realized from the rent of the sub-tenant Godhelp, was not considered in the decision announced (9 N. Y. State R.,1), for the controversy was regarded and was understood to be argued, as wholly depending on the construction and effect of the stipulations, concerning this fund which was not mentioned in the decision, no stipulation whatever was made, but it was derived from the occupancy of a part of the demised premises by this under-tenant. The landlord was not in possession, either actually or constructively, and had no agency in the demise or the collection of the rent, but the lease to the lunatic remained in undiminished force and effect. It was under- the authority of that lease that the demise to the under tenant was made, and he occupied the part of the premises from which this fund issued; and these facts, under the recent decision made by the court of appeals between these parties, vested the lunatic with the title to this fund. It became a part of his estate to be distributed as part of the common fund, in which the plaintiffs can participate the same, and not otherwise, as the other creditors have debts against the lunatic. There are no special equities attaching to this fund in the plaintiffs’ favor,- and they can receive no more than their ratable proportion of it, in the payment of the debts of the lunatic. This will complete the undecided part of the appeal, and indicate, with what has already been said, the final disposition which should be made of the controversy.